IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUMBERLAND TRUCK EQUIPMENT CO., et al,

       Plaintiffs,           Case No. 2:05-CV-74594
v.           Hon. Arthur J. Tarnow
       Magistrate Judge Mona K.
Majzoub
DETROIT DIESEL CORPORATION, et al,

       Defendants.

---

DIAMOND INTERNATIONAL TRUCKS, INC.,
et al,

       Plaintiffs,           Case No. 2:05-CV-74930
v.           Hon. Arthur J. Tarnow
       Magistrate Judge Mona K.
Majzoub
DETROIT DIESEL CORPORATION, et al,

       Defendants.

---

**NOTICE OF PENDENCY AND OF PROPOSED SETTLEMENT OF
CLASS ACTION WITH CLARKE POWER SERVICES, INC., PACIFIC
POWER PRODUCTS, INC., NMT DIESEL, INC., TDS, INC., STEWART &
STEVENSON SERVICES, INC. AND THE W. W. WILLIAMS COMPANY**

**TO: ALL INDIVIDUALS OR ENTITIES WHOSE DETROIT DIESEL DEALER
AGREEMENTS WERE MODIFIED, TERMINATED OR NOT RENEWED
DURING THE PERIOD DECEMBER 31, 2000 TO AND INCLUDING THE DATE
OF THIS NOTICE (THE "CLASS PERIOD").**

       **PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR LEGAL
RIGHTS MAY BE AFFECTED BY LAWSUITS NOW PENDING IN THIS
COURT.**

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Michigan (the "Court"). The purpose of this Notice is to inform you of the pendency of this litigation and that a proposed settlement has been reached between a proposed Settlement Class and Clarke Power Services, Inc. ("Clarke"), Pacific Power Products, Inc., NMT Diesel, Inc., TDS, Inc. (collectively "Pacific"), Stewart & Stevenson Services, Inc. ("Stewart & Stevenson"), and The W.W. Williams Company ("Williams") (collectively the "Settling Defendants") in the amount of One Million Dollars ($1,000,000). The proposed settlement includes as an element Settling Defendants' cooperation in providing information in connection with plaintiffs' claims in this action and an assignment of certain antitrust claims the Settling Defendants may have against Detroit Diesel Corporation.

If your Overhaul, Maintenance or Truck Maintenance Dealer Agreement with a Detroit Diesel distributor was modified, terminated or not renewed during the time period from December 31, 2000 through the date of this Notice, you are a member of the Settlement Class (defined below) and have the rights summarized below.

Defendants named in these class actions are Detroit Diesel Corporation, Penn Detroit Diesel-Allison, LLC, Atlantic Detroit Diesel-Allison, LLC, Central Power Systems & Services, Inc., Clarke Power Services, Inc., Geneva LLC, Florida Detroit Diesel-Allison, Inc., Inland Diesel, Inc., Interstate Power Systems, Inc., Johnson & Towers, Inc., New England Detroit Diesel-Allison, Inc., Pacific Power Products Co., Smith Detroit Diesel-Allison, Inc., Stewart & Stevenson Services, Inc., United Engines, LLC, Valley Power Systems, Inc., Western Branch Diesel, Inc., The W. W. Williams

Company, NMT Diesel, Inc., and TDS, Inc.

This is a settlement with Clarke, Pacific, Stewart & Stevenson and Williams only. The actions will proceed as against the remaining defendants.

Your options with respect to this class action, as described in this Notice, include your right to:

Share in the Settlement Fund (defined below) by remaining a member of the Settlement Class and release certain claims against the Settling Defendants only;

Exclude yourself from the Settlement Class, in which case you will not release any claims against the Settling Defendants but you will not be entitled to share in the Settlement Fund;

Object to the proposed settlement, and appear at the hearing before the Court to determine whether the proposed settlement should be approved as fair, adequate and reasonable;

Enter an appearance as a Settlement Class member in the litigation through your own counsel at your own expense.

You do not need to take any action at this time if you wish to remain in the Settlement Class.

## I.  **DEFINITION OF THE SETTLEMENT CLASS**

On August 8, 2006 the Court directed that notice be sent to the following proposed Settlement Class:

> All persons (excluding defendants, their present and former parents, subsidiaries and affiliates and all Freightliner, Sterling or Western Star dealers) whose Detroit Diesel Overhaul, Maintenance or Truck Maintenance Dealer Agreements were modified, terminated or not renewed during the time period from December 31, 2000 to the date of the class notice.

"Modified," as used in the definition of the Settlement Class above, refers to a change in the classification of a Detroit Diesel dealership from Overhaul or Maintenance Dealer to Truck Maintenance Dealer.

Plaintiffs, Cumberland Truck Equipment Co., Bowersox Truck Sales & Services, Inc., Allegheny Trucks, Inc., Landmark International Trucks, Inc., Burr Truck & Trailer Sales, Inc., Southland International of Louisiana, L.L.C., Diamond International Trucks, Inc., Mid-America International Trucks, Inc., Texas Truck Centers, L.L.P., and Wheeling Truck Center, Inc., have been appointed by the Court to serve as representatives for the Class.

**II.   THE LITIGATION**

In 2005, two class actions were filed against the Defendants by Detroit Diesel dealers.  The cases have been transferred to the United States District Court for the Eastern District of Michigan.  In those cases, Plaintiffs allege that defendants entered into a combination, conspiracy or agreement to fix, maintain, raise or stabilize the prices of Detroit Diesel products sold in the United States and/or to boycott certain dealers in violation of the federal antitrust laws.  Plaintiffs further allege that, as a result of the conspiracy, they and other Detroit Diesel dealers have been injured by paying more for Detroit Diesel products than they would have paid in the absence of the illegal conduct and by losing the right to perform repairs on Detroit Diesel engines.  Plaintiffs seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

Settling Defendants and the non-settling defendants deny Plaintiffs' allegations and deny that they did anything improper or unlawful.  At this time, neither Plaintiffs nor Settling Defendants nor non-settling defendants have proven their assertions.  The Court expresses no opinion as to whether Plaintiffs' allegations are correct or whether defendants have engaged in any wrongdoing.  The purpose of this Notice is to inform you of the potential certification of the Settlement Class and the proposed settlement with the Settling Defendants.

**III.   THE PROPOSED SETTLEMENT WITH SETTLING DEFENDANTS**

Plaintiffs, on behalf of the Settlement Class, have entered into a Settlement Agreement with the Settling Defendants dated May 23, 2006 (the "Settlement Agreement") under which Settling Defendants have agreed to pay into escrow for the benefit of the Settlement Class the sum of One Million Dollars ($1,000,000) (the

"Settlement Fund") and agreed to cooperate with Plaintiffs in providing information in connection with plaintiffs' claims in this action in exchange for a release of certain claims that were or could have been asserted on behalf of Settlement Class members against the Settling Defendants as more fully set forth below and in the Settlement Agreement and for a dismissal with prejudice of the Complaint as to the Settling Defendants, which will bar the later assertion of certain claims by a member of the Settlement Class against a Settling Defendant.  The Settlement Agreement gives Settling Defendants the right to withdraw from the Settlement Agreement in the event that the total dollar amount of sales of Detroit Diesel products made during the Class Period to entities who timely exercise their rights to request exclusion from the Class (the "opt-out amount") is equal to or greater than ten percent (10%) of the total dollar amount of sales of Detroit Diesel products made by all Defendants to the members of the Class during the Class Period. Further, in the event that the opt-out amount by members of the Class located in a Settling Defendant's assigned Detroit Diesel territory during the Class Period is equal to or greater than 10% of sales of Detroit Diesel products made by that individual Settling Defendant to members of the Class located in that territory, then that individual Settling Defendant may in its discretion elect to withdraw from the Settlement.  If fewer than all Settling Defendants withdraw under this provision of the Settlement Agreement, the total Settlement Fund shall be reduced by $250,000 per withdrawing defendant and shall be refunded to Settling Defendants for allocation among them.

In addition to paying the settlement amount, the Settling Defendants have agreed to assign to the Class any and all antitrust claims that Settling Defendants may have against Detroit Diesel Corporation or other Defendants arising out of the factual

circumstances on which the Complaints are based in connection with the purchase of Detroit Diesel products from Detroit Diesel Corporation or otherwise relating to the allegations in the Complaints.

Further, the Settlement Agreement requires Settling Defendants to cooperate with Plaintiffs by providing information in connection with this lawsuit.  The specific terms of the cooperation agreement, which are set forth in the Settlement Agreement and subject to those terms, require that Settling Defendants, among other things:

    a.    Meet with Class Counsel to discuss and identify potential documents and witnesses;

    b.    Produce to Plaintiffs documents concerning the allegations and defenses in the actions;

    c.    Produce to Plaintiffs electronic transactional data for sales of Detroit Diesel products and to make available its technical and computer personnel, at reasonable times, to assist Plaintiffs in understanding and utilizing such data;

    d.    Provide cooperation with Class Counsel with respect to discovery and gathering evidentiary materials relating to Plaintiffs' claims and any defenses thereto, including identifying and producing to Plaintiffs documents relating to the actions, providing the dates, locations, and participants in communications with other Defendants; and

    e.    Make available upon reasonable notice selected personnel who are believed to have knowledge of the allegations in the action, to provide information regarding the allegations in the action in personal interviews, the preparation of declarations, affidavits, and/or providing testimony at deposition.

If you remain in the Settlement Class and the settlement becomes effective, you (and your respective parents, subsidiaries, and affiliates) will release, acquit and discharge the Releasees (defined below) from any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, that you ever had,

now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, on account of or arising out of or resulting in whole or in part out of the claims, or any of the facts, occurrences, transactions, or other matters alleged in the Complaints filed in these actions or described in the Settlement Agreement that arise under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. §§ 1 et seq.

As used herein, Releasees means jointly and severally and individually and collectively, Clarke Power Services, Inc., Pacific Power Products, Inc., NMT Diesel, Inc., TDS, Inc., Stewart & Stevenson Services, Inc. and The W.W. Williams Company and their parents and subsidiaries, and the past and present officers, directors, employees, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing. Except for those persons named in the preceding sentence, Releasees does not include any Defendant formerly or currently named in the actions, any defendant subsequently added or joined in the actions or any alleged co-conspirator.

The Settlement Agreement does not settle or compromise any claim by Plaintiffs or any class member against the Releasees asserted in any other action filed and served on Settling Defendants on or before March 1, 2006; nor does it settle or compromise any claim by Plaintiffs or any class member in the actions (or any other action) against any person other than the Releasees. All rights of any class member against any person or entity other than the Releasees are specifically reserved by the class member. The sales of Detroit Diesel products by Settling Defendants shall remain in the case against the current or future defendants in the actions as a basis for damage claims and shall be part

of any joint or several liability against current or future defendants in the actions or other persons or entities other than Releasees, and any judgment obtained by the class in this litigation may be subject to an offset of amounts received by the Settlement Class pursuant to the Settlement Agreement.

The Settlement Fund will be invested in United States Government Treasury obligations or United States Treasury Money Market funds.  All interest earned on the Settlement Fund shall become and remain part of the Settlement Fund.  Expenses associated with providing notice of the settlement to the class and administering the settlement may be made from the Settlement Fund.

If the settlement is approved by the Court, the Settlement Fund, plus accrued interest, minus any amounts approved by the Court to pay attorneys' fees to Class Counsel and reimbursement of litigation costs and expenses, will be available for distribution to Settlement Class members. Class Counsel intend to submit a plan of allocation of settlement proceeds for Settlement Class members' consideration at a later date.  Do _not_ dispose of documents evidencing your purchases of Detroit Diesel parts or repairs on Detroit Diesel engines.  You may need those documents to complete a claim form if the settlement is approved.

From the inception of these lawsuits beginning in 2005 to the present, Plaintiffs' Counsel have not received any payment for their services in prosecuting the lawsuit, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the proposed settlement, Plaintiffs' Counsel will ask the Court to award them attorneys' fees in an amount not to exceed 33 1/3 % of the Settlement Fund in accordance with the terms of the Settlement Agreement.  Plaintiffs' Counsel will also ask the Court to award the

out-of-pocket expenses they have incurred in an amount not to exceed $25,000.

IV.     **CONSEQUENCES OF SETTLEMENT CLASS MEMBERSHIP**

If you are a member of the Settlement Class as defined above, you will automatically remain a Settlement Class member unless you elect to be excluded.  If you wish to remain in the Settlement Class, you do not need to take any action at this time, and your interests will be represented by Plaintiffs and by Class Counsel.  You will have no responsibility to pay Plaintiffs' fees and expenses.  Any such fees and expenses will be paid solely from the Settlement Fund as approved by the Court.  If you choose, you may also have your own attorney enter an appearance on your behalf at your expense.

If you remain in the Settlement Class, you will be bound by the judgment or other final disposition of this litigation as to Clarke, Pacific, Stewart & Stevenson, and Williams.  As a member of the Settlement Class, you will also be afforded an opportunity to be heard with respect to the proposed settlement.

## V. OPTING OUT OF THE SETTLEMENT CLASS

If you wish to exclude yourself from the Settlement Class, you must send a request for exclusion, in writing, via certified mail, return receipt requested, postmarked no later than September 29, 2006, to the following address:

> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA  19103-4196
>
> Attention:  Wayne A. Mack, Esquire

Your request for exclusion must contain your full name, including any predecessor entities, the dollar value of your purchases of Detroit Diesel products during the Class Period and your address.  If you exclude yourself from the Settlement Class, then:  (a) you will not be bound by any decision in this lawsuit and you can pursue any claims you may have against Settling Defendants; but (b) you will not share in the proposed settlement with Settling Defendants.

## VI. THE SETTLEMENT HEARING

The Court will hold a hearing on November 15, 2006 at 3:30 p.m. at The Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan, to determine whether the proposed settlement of the litigation between the Settlement Class and Settling Defendants should be approved as fair, reasonable and adequate.  The hearing may be continued without further notice.

Any Settlement Class member who wishes to object to the Settlement Agreement must do so in writing.  Your objection must include the caption of this litigation; must be signed; and must be sent via certified mail, return receipt requested, postmarked no later than  September 29, 2006, to the Clerk of Court, United States District Court for the Eastern District of Michigan, The Theodore Levin United States Courthouse, 231 West

Lafayette Street, Fifth Floor, Detroit, Michigan 48226-2797 and to the following counsel:

>Wayne A. Mack, Esquire
>J. Manly Parks, Esquire
>Duane Morris LLP
>30 South 17th Street
>Philadelphia, PA 19103-4196
>Telephone: (215) 979-1152/1342
>
>
>Counsel for Plaintiffs and the Class
>
>Leslie W. Jacobs, Esquire
>Thompson Hine LLP
>3900 Key Center
>127 Public Square
>Cleveland, OH 44114-1290
>Telephone: (216) 566-5500
>
>Liaison Counsel for Settling Defendants

If you do not object to the proposed settlement, you need not appear at the hearing.

### VII. CHANGE OF ADDRESS, ADDITIONAL INFORMATION

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to Plaintiffs' and Class Counsel identified above.

The Settlement Agreement, the Consolidated Amended Complaint and other documents filed in this action are available for review during normal business hours at the offices of the Clerk of Court, United States District Court for the Eastern District of Michigan. If you have questions concerning this Notice or the litigation, you may contact Plaintiffs' and Class Counsel identified above.

**Please do not contact the Clerk of the Court or the Judge.**


Dated August 8, 2006                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

      I hereby certify that a copy of this Document was served upon Counsel of Record on this date.


Dated: August 08, 2006              s/ Lisa C. Bartlett
                                        Courtroom Deputy