# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CUMBERLAND TRUCK EQUIP.**
**CO., et al.,**
          Plaintiffs,        **CIVIL ACTION NO. 05-CV-74594-DT**

 VS.                              **DISTRICT JUDGE ARTHUR J. TARNOW**

**DETROIT DIESEL CORP.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
          **Defendants.**


**DIAMOND INT'L TRUCKS,**
**INC., et al.,**
          Plaintiffs,        **CIVIL ACTION NO. 05-CV-74930-DT**
 VS.
                                      **DISTRICT JUDGE ARTHUR J. TARNOW**
**DETROIT DIESEL, INC.,**
**et al.,**                              **MAGISTRATE JUDGE MONA K. MAJZOUB**
          **Defendants.**

                                /

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH RULE 34 REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND AMENDMENT OF SCHEDULING ORDER

This matter comes before the Court on Defendants' Motion to Compel Compliance with Rule 34 Requests for the Production of Documents and Amendment of Scheduling Order filed on June 20, 2007. (No. 05-74594, Docket no. 33; No. 05-74930, Docket no. 31).[1] Plaintiffs filed a Response brief on July 9, 2007. (Docket no. 37). Defendants filed a Reply brief on July 18, 2007. (Docket no. 42). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 39). The parties filed a Statement of Resolved/Unresolved Issues, and the Court held oral argument on October 17, 2007. The matter is now ready for ruling.

---

[1] Citations to the record will be to case number 05-74594, unless otherwise stated.

Defendants served their First Request for the Production of Documents on each Plaintiff on May 18, 2006. Plaintiffs did not respond until August 22, 2006. Plaintiffs made boilerplate objections to all of the Requests, and, but for one, stated that they would produce documents. Some documents have been produced, but Defendants contend that not all responsive documents in Plaintiffs' custody or control have been produced.

Request no. 38 is the Request for which Plaintiffs refused to produce any documents. That request seeks: "All documents that relate to your decision whether or not to sign a release of any claims against any defendant, including an executed release." Plaintiffs objected additionally to this Request on the bases of attorney/client privilege and the work product doctrine.

Pursuant to Fed. R. Civ. P. 34, Plaintiffs' responses to Defendants' First Request for the Production of Documents were due within 30 days after service of the discovery request. Fed. R. Civ. P. 34(b). Plaintiffs did not timely respond by serving their responses and objections on August 22, 2006. Plaintiffs have therefore waived any objections to these discovery requests. *See Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) (Rule 34 waiver). Defendants' Motion to Compel will therefore be granted.

During oral argument the parties agreed on a mechanism to facilitate the production of the documents requested by Defendants. Defendants will depose ten corporate representatives of Plaintiffs' businesses who are familiar with the topics to be addressed in these depositions, pursuant to Fed. R. Civ. P. 30(b)(6). These ten depositions will be limited to the following topics: (1) how Plaintiffs' financial and operating records are prepared and maintained; (2) to the extent that responsive documents are in electronic format, how the records are maintained and retrieved, how transactions are accounted for, what hard copies exist, and what is the extent of the searches that have been conducted; (3) to the extent responsive documents are in hard copy, what are the documents, where are the documents, and what

searches have been made for them; and (4) to the extent responsive documents are financial and operating records, what are the revenues, costs and profits for each line of business, affected or not, and how are those records prepared and maintained.

Plaintiffs will each name their representative for these depositions. Plaintiffs will also select two locations where these depositions will be held and divide the depositions to be taken between these two locations. These ten depositions will be held on consecutive days at each location, and each deposition will continue until completed. The goal is to have each deposition completed within four hours. No protective orders will be granted to excuse any Plaintiff from attending these depositions. All named Plaintiffs must participate. Defendants will notice these ten depositions on or before October 22, 2007. All depositions must be completed on or before November 30, 2007. Defendants have the option of narrowing or refining their First Request for the Production of Documents on or before December 14, 2007. Plaintiffs must fully and completely respond to Defendants' First Request for Production, either the version already served on Plaintiffs if Defendants do not supplement them, or the supplemented version if Defendants choose to supplement, on or before January 15, 2008. These ten depositions will not be counted in determining the number of depositions allowed by Fed. R. Civ. P. 30(a)(2).

The discovery deadlines previously set by Judge Tarnow's August 6, 2007 Order (docket no. 45) are amended to the following extent. Defendants must complete their discovery concerning class certification on or before March 17, 2008. Defendants' brief opposing class certification must be filed on or before April 7, 2008. Plaintiffs must complete their discovery concerning class certification on or before May 7, 2008. Finally, Plaintiffs' Reply brief must be filed on or before May 27, 2008.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Compliance with Rule 34 Requests for the Production of Documents and Amendment of Scheduling Order filed on June 20,

2007 (No. 05-74594, Docket no. 33; No. 05-74930, Docket no. 31) is **GRANTED** as set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 18, 2007                         s/ Mona K. Majzoub
                                                MONA K. MAJZOUB

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 18, 2007                         s/ Lisa C. Bartlett
                                                Courtroom Deputy